UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LITTLE, | ) |
| Plaintiff, | ) CASE NO.   C05-1220RSL-JPD |
| v. | ) |
| NIKKI BEHNER, *et al.*, | ) ORDER RE: PENDING MOTIONS |
| Defendants. | ) |

This is a civil rights action brought under 42 U.S.C. § 1983. The following motions are currently pending before this Court for review: (1) defendants' motion for summary judgment; (2) defendants' motion for an order allowing the supporting declaration of Nikki Behner to be filed under seal; (3) plaintiff's motion for an order granting him access to the law library and to legal material; (4) plaintiff's motion for an order enlarging the time for him to respond to defendants' motion to deny him access to the law library; (5) plaintiff's motion for an order enlarging the time for him to respond to defendants' summary judgment motion; and, (6) plaintiff's motion for an order permitting him to amend his motion for enlargement of time to respond to defendants' summary judgment motion. The Court, having reviewed each of these motions, and the balance of the record, does hereby find and ORDER as follows:

ORDER RE: PENDING MOTIONS
PAGE - 1

1       (1)     Defendants' unopposed motion for an order allowing the declaration of Nikki
2 Behner to be filed under seal (Dkt. No. 14) is GRANTED.

3       (2)     Plaintiff's motion for an order granting him access to the law library and to legal
4 material (Dkt. No. 19) is DENIED.  Plaintiff seeks, by way of the instant motion, an order
5 directing that he be permitted access to the law library, including access to computers for
6 purposes of conducting legal research through Westlaw and other internet legal research sites, and
7 access to non-collect phone calls.  Plaintiff also asks to be provided with high-lighters, typing
8 paper, legal writing pads, dictionaries, expanding file folders, and manila envelopes.

9       Defendants have filed a response to plaintiff's motion in which they argue that plaintiff's
10 motion should be denied as moot because plaintiff already has access to the law library and to the
11 materials necessary to conduct research and prepare pleadings.  Defendants state that plaintiff is
12 provided access to the law library three times a week, for 1 hour and 45 minutes each session, and
13 that during those sessions he has access to various relevant research and reference materials.
14 Defendants further state that plaintiff is provided with the basic necessities for writing, as well as
15 photocopying services and envelopes for mailing legal documents.  Finally, defendants state that
16 plaintiff has ample access to telephones on which he may make collect calls, and that he may
17 arrange for access to a non-collect telephone through his counselor at the jail.

18       The Court is satisfied at this juncture that plaintiff is being provided access to the
19 materials necessary to prosecute this action.  The Court therefore declines to order that defendants
20 provide plaintiff access to any additional materials at the present time.

21      (3)     Plaintiff's motion for an order enlarging time to respond to defendants' motion to
22 deny plaintiff access to the Snohomish County law library (Dkt. No. 25) is STRICKEN.  The
23 record makes clear that while defendants have filed a response to plaintiff's motion for access to
24 the law library, they have not filed a motion to deny plaintiff access.  While plaintiff was entitled

25
ORDER RE: PENDING MOTIONS
26 PAGE - 2

to file a reply brief in support of his motion for enlargement of time, he is not entitled to file a response to a non-existent motion.

(4) Plaintiff's motion for an order enlarging time to respond to defendants' summary judgment motion (Dkt. No. 26), and plaintiff's motion for an order amending his motion for an order enlarging time to respond to defendants' summary judgment motion (Dkt. No. 27), are GRANTED in part. Plaintiff, by way of these motions, seeks an additional 120 days within which to file his response to defendants' summary judgment motion. Plaintiff contends that he has not yet had sufficient time to collect the evidence necessary to adequately respond to defendants' motion.

As there has effectively been no discovery period in this action, the Court agrees that it is appropriate to grant plaintiff some additional time to respond to defendants' dispositive motion. However, the Court does not believe that the 120 days requested by plaintiff is either necessary or appropriate. Plaintiff's claim is not a complicated one and, if plaintiff is diligent in collecting the materials he believes he needs to oppose defendants' motion, he should be able to file his response in much less than 120 days.

Accordingly, plaintiff is directed to file and serve his response to defendants' summary judgment motion not later than *January 9, 2006*. Defendants' motion for summary judgment (Dkt. No. 13) is RE-NOTED for consideration on *January 13, 2006*.

(5) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 3rd day of November, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE - 3