1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE

9  JOHN LITTLE,                         )
                                         )
10         Plaintiff,                    )   CASE NO.   C05-1220RSL-JPD
                                         )
11    v.                                 )
                                         )
12                                       )
   NIKKI BEHNER, *et al*.,               )   ORDER DENYING PLAINTIFF'S
13                                       )   MOTION FOR RECONSIDERATION
           Defendants.                   )
14  _____)

15         This is a civil rights action brought under 42 U.S.C. § 1983.  On November 21, 2005,

16  plaintiff filed a motion seeking reconsideration of portions of this Court's November 3, 2005,

17  Order in which the Court denied plaintiff's motion for an order granting him access to the law

18  library and to legal material, and also limited the amount of additional time plaintiff would have to

19  file a response to defendants' pending summary judgment motion.  Plaintiff asserted in his motion

20  for reconsideration, and in materials submitted in support thereof, that employees at the Snohomish

21  County Jail had interfered with his right of meaningful access to the courts in retaliation for his

22  exercise of his rights under the First Amendment.

23         Because this Court deemed it important to ensure that plaintiff has sufficient access to the

24  law library and to the legal materials necessary for him to litigate this action, the Court directed

25
    ORDER DENYING PLAINTIFF'S
26  MOTION FOR RECONSIDERATION - 1

defendants to respond to plaintiff's motion for reconsideration. On December 13, 2005, defendants filed a response to plaintiff's motion in which they argued that the motion should be denied because plaintiff had been released from the Snohomish County Jail and his claims concerning denial of access to the law library were therefore moot.

Thereafter, the parties notified the Court that plaintiff had been booked into the Snohomish County Jail again on December 24, 2005. On December 30, 2005, defendants filed an amended response to plaintiff's motion for reconsideration together with supporting declarations. Defendants detail therein the steps that have been taken to provide plaintiff access to the law library and to necessary legal materials at the Snohomish County Jail.

Motions for reconsideration are disfavored and will be granted only in limited circumstances. The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Plaintiff has offered nothing by way of evidence or argument to persuade this Court that its prior ruling was erroneous. And, in fact, defendants have made a substantial showing that plaintiff has been provided adequate access to the law library and to necessary legal materials during the course of his incarceration at the Snohomish County Jail.

Accordingly the Court does hereby ORDER as follows:

(1)   Plaintiff's motion for reconsideration (Dkt. No. 29) is DENIED.

(2)   In light of plaintiff's release, and subsequent re-incarceration, the Court will grant plaintiff a brief period of additional time to respond to defendants' summary judgment motion. Plaintiff is directed to file and serve any response to defendants' summary judgment motion not later than ***January 23, 2006***.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 2

Plaintiff is advised, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and Federal Rule of Civil Procedure 56, that he has a right to file counter-affidavits or other responsive evidentiary materials in opposition to defendants' motion for summary judgment and that his failure to file such materials may result in the entry of summary judgment against him. If the motion for summary judgment is granted, plaintiff is advised that his case will be over. Thus, if plaintiff fails to file opposing counter-affidavits or other evidence, defendants' evidence might be taken as truth, and final judgment may be entered against plaintiff **without a trial**.

(3) Defendants' summary judgment motion (Dkt. No. 13) is RE-NOTED on the Court's calendar for consideration on *January 27, 2006.*

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this <u>10th</u> day of January, 2006.


                                                             <u>s/ James P. Donohue</u>
                                                             JAMES P. DONOHUE
                                                             United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 3