UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LITTLE, <br><br> Plaintiffs, <br><br> v. <br><br> NIKKI BEHNER, *et al.*, <br><br> Defendants. | Case No. C05-1220RSL-JPD <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff, who is proceeding with this action *pro se* and *in forma pauperis*, alleges in his complaint that he has been denied medication for depression and schizophrenia while incarcerated at the Snohomish County Jail. Plaintiff identifies as defendants in this action Nikki Behner, an Advanced Registered Nurse Practitioner at the Snohomish County Jail, and Steve Thompson, Director of the Snohomish County Jail. Defendants have filed a motion for summary judgment. Plaintiff has filed an affidavit in opposition to defendants' summary judgment motion. This Court, having reviewed the briefing of the parties, concludes that defendants' summary judgment motion should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTS

Plaintiff is currently an inmate at the Snohomish County Jail ("the jail") in Everett, Washington. Since 1996, plaintiff has been booked into the jail 52 times.[1] (Dkt. No. 15 at 2.) Plaintiff was most recently booked into the jail on December 24, 2005. (*See* Dkt. Nos. 50 and 51.) According to plaintiff, every time he was booked into the jail between 1996 and early 2005, the mental health staff at the jail provided him with medication for depression and schizophrenia. (*See* Dkt. No. 57 at 3.) And, when he was released from jail, plaintiff states that Compass Health would provide him with medication and treatment for his depression and schizophrenia. (*See id.*)

Defendant Nikki Behner is the Health Services Administrator for the Snohomish County Department of Corrections, and she also serves as a psychiatric Advanced Registered Nurse Practitioner for the jail. (Dkt. No. 16 at 1.) Defendant Behner has apparently been employed at the jail since August 2004, and she evaluated plaintiff for the first time on January 24, 2005. (*Id.* at 1-2.) Defendant Behner states that based upon plaintiff's behavior during the initial evaluation, and his documented past history of taking psychotropic medications while in jail, she prescribed psychotropic medications at a very low dose. (*Id.*) Plaintiff states that defendant Behner originally denied him medication and that it was only after he contacted the American Civil Liberties Union ("ACLU"), and provided the jail with a release of medical information form, that the medications were prescribed by defendant Behner. (*See* Dkt. No. 57 at 7.) Neither party has provided any documentation to support their respective assertions in this regard.

After prescribing the psychotropic medications for plaintiff, defendant Behner states that plaintiff continued to self report that he was "hearing voices and was delusional with loss of sleep and appetite." (Dkt. No. 16 at 2-3.) She further states that, as a result of plaintiff's continued

---

[1] Defendants have offered in support of their motion for summary judgment the declaration of Eileen Diemert, Records and Data Management Supervisor for Snohomish County Corrections. (Dkt. No. 15.) She states in her declaration, dated September 13, 2005, that plaintiff has been booked into the jail 51 times. (*Id.* at 2.) However, after that declaration was filed, plaintiff was released from jail and then subsequently re-booked into the jail. (*See* Dkt. Nos. 50 and 51.)

REPORT AND RECOMMENDATION
PAGE - 2

requests for an increase in medication, she and another mental health professional jointly evaluated plaintiff on March 9, 2005.  (Dkt. No. 16 at 3.)  During this evaluation, defendant Behner noted that plaintiff was sleeping well, was managing his behavior appropriately, was showing no overt signs of psychotic thought processes, and was very articulate in his request for increased medication.  (*Id*.)  Based on this joint evaluation, defendant Behner ordered a minimal increase in the dosage of two of plaintiff's medications.  (*Id*.)  It appears that this increase in dosage was based solely on plaintiff's repeated subjective requests.  (*See id*.)

Plaintiff was released from jail later in March 2005.  (*See* Dkt. No. 57 at 7.)  Plaintiff states that he was released from jail with a three day supply of medication.  (*Id*.)  Plaintiff was booked into the jail again in June 2005.  (*Id*., Dkt. No. 16 at 3.)  Upon his return to the jail, plaintiff began sending kites to medical and to mental health asking that he be put back on the medications he had been on during his prior incarceration.  (*Id*., Dkt. No. 16 at 3.)  Defendant Behner declined to provide plaintiff the requested medication because the mental health staff determined that plaintiff was not receiving any type of mental health treatment outside of jail, and because there were no observable clinical indications for prescribing psychotropic medications at that time.  (Dkt. No. 16 at 3.)  Plaintiff appears to attribute his failure to receive treatment for his mental illness outside of jail to difficulties he experienced in obtaining the assistance necessary to pay for his medication.  (*See* Dkt. No. 57 at 7.)

Plaintiff states that after he returned to jail in June 2005, he filed numerous grievances indicating that he was hearing voices.  (Dkt. No. 57 at 8.)  He also began to complain of sleep deprivation and weight loss.  (Dkt. No. 16 at 5.)  Plaintiff contends that the voices he was hearing were telling him that he didn't need to take his high blood pressure medication and, as a result, that he stopped taking the medication for eleven or twelve days.  (*Id*.)  He further contends that he suffered a number of adverse side affects from not taking the medication.  (*Id*. at 9.)  In fact, in his complaint, plaintiff asserts that his blood pressure became dangerously high, that he suffered severe pain as a result, and that he almost had a stroke and died.  (Dkt. No. 4 at 4.)

REPORT AND RECOMMENDATION
PAGE - 3

1  Defendant Behner states that she did respond to plaintiff's complaints of sleep deprivation
2 and weight loss by ordering that his sleeping and eating patterns be monitored by medical staff.
3 (Dkt. No. 16 at 3.)  Plaintiff's medical records apparently do not indicate that plaintiff suffered any
4 weight loss.  (*Id*.)  Defendant Behner further states that there is nothing in plaintiff's medical chart
5 indicating he suffered any adverse side effects when he refused to take his blood pressure medication,
6 but that there are kites from plaintiff demanding reimbursement of money to his jail account for the
7 days he did not take his medications.  (Dkt. No. 16 at 3.)  Neither party has provided any
8 documentation to support their respective assertions with regard to the blood pressure medication.

## DISCUSSION

### Summary Judgment Standard

11  Summary judgment is proper only where "the pleadings, depositions, answers to
12 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
13 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
14 law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a
15 genuine issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).
16 Genuine disputes are those for which the evidence is such that a "reasonable jury could return a
17 verdict for the nonmoving party." *Id*.  Material facts are those which might affect the outcome of the
18 suit under governing law.  *Id*.
19  In response to a properly supported summary judgment motion, the non-moving party may
20 not rest upon mere allegations or denials in the pleadings, but must set forth specific facts
21 demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the
22 existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of
23 evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a
24 motion for summary judgment, the court is required to draw all inferences in a light most favorable
25 to the non-moving party.  *Id*. at 248.  The court may not weigh the evidence or make credibility
26 determinations.  *Id*.

REPORT AND RECOMMENDATION
PAGE - 4

Plaintiff alleges in his complaint that defendant Behner twice denied him medication which he requested to treat severe depression and schizophrenia. Plaintiff contends that defendant Behner denied him his requested medication in January 2005, and that she only prescribed the medication after plaintiff contacted the ACLU about the problem sometime in February 2005. Plaintiff further contends that defendant Behner again denied him his requested medication for depression and schizophrenia in June 2005. Plaintiff asserts that, on this occasion, he heard voices telling him he did not need his blood pressure medication which caused him to stop taking his blood pressure medication for a period of time.

Plaintiff did not specifically allege a constitutional violation in his complaint. However, because plaintiff's claims implicated serious Eighth Amendment concerns, plaintiff was permitted to proceed with this action. Defendants now argue that plaintiff has failed to state a claim for deliberate indifference.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834.

1.     *Denial of Psychotropic Medication - January 2005*

Plaintiff alleges in his complaint that when he first requested in January 2005 that he be

REPORT AND RECOMMENDATION
PAGE - 5

provided with medication for his severe depression and schizophrenia, defendant Behner denied his request.  He further alleges that defendant Behner subsequently prescribed the requested medication only after plaintiff contacted the ACLU.  The record before this Court is unclear as to when defendant Behner actually prescribed the medication for plaintiff on this occasion.  Defendant Behner's declaration suggests, though does not definitively state, that she prescribed the psychotropic medications for plaintiff at the time of her initial evaluation of plaintiff on January 24, 2005.  Plaintiff asserts that there was a delay, but does not clearly indicate the length of the alleged delay.

Plaintiff appears to indicate in his complaint that he sent his letter to the ACLU regarding defendants' failure to provide him necessary medication on or about February 7, 2005.  (*See* Dkt. No. 4 at 3.)  On March 9, 2005, defendant Behner again evaluated plaintiff in response to numerous kites submitted by plaintiff  requesting an *increase* in his medication.  (Dkt. No. 16 at 3.)  If defendant Behner was evaluating on March 9, 2005, to assess whether an increase in plaintiff's medication was appropriate, it is reasonable to assume that plaintiff had already been taking the medication for some period of time prior to that date.  Thus, assuming that there was a delay, the facts in the record suggest that the delay was not substantial.  Moreover, plaintiff does not demonstrate that he suffered any substantial harm as a result of this alleged delay.  Accordingly, plaintiff's claim that there was a delay in providing him psychotropic medications in early 2005 does not implicate Eighth Amendment concerns and defendants' summary judgment motion should therefore be granted with respect to that claim.

**2.    *Denial of Psychotropic Medication - June 2005***

Plaintiff also alleges in his complaint that defendant Behner denied him psychotropic medications when he was booked back into the jail in June 2005.  Plaintiff asserts that, as a result of defendant Behner's refusal to provide him with his requested medications, he began hearing voices which told him he did not need his blood pressure medication.  Plaintiff states that he stopped taking his blood pressure medication for eleven days, which caused his blood pressure to reach dangerously high levels, and that he almost had a stroke and died.

Plaintiff's contention that he has been improperly denied medication by defendant Behner appears to be based on the fact that he has been provided those medications before, both in jail and out of jail, and on his subjective self-reporting that he hears voices and becomes delusional when he is denied his medication.  Defendant Behner states that the reason plaintiff was not provided the medication he requested was that she determined there were no clinical indications for prescribing the medications.  She states that she based this determination on the following:  (1) a thorough review of plaintiff's entire jail medical file, dating back to 1995, which revealed a pattern and history of malingering; (2) conversations with corrections officers having daily contact with plaintiff who reported that plaintiff was getting along well in his module, was not demonstrating any behavior problems, and was eating and sleeping appropriately; and, (3) her own observation that plaintiff had been clear, articulate, cogent, and consistent over time in his grievances and kites, a presentation which was inconsistent with a person suffering from a psychotic disorder requiring psychotropic medications.

Defendant Behner states that because of disabling long term consequences which may arise from inappropriate use of certain psychiatric medications, including at least one of the medications requested by plaintiff, she will not prescribe psychotropic medications in the absence of an observable psychiatric disorder.

Plaintiff clearly disagrees with defendant Behner's assessment that the psychotropic medications which he has requested are not required.  However, differing opinions on medical treatment do not amount to a violation under the Eighth Amendment.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)).  In order to prevail on an Eighth Amendment claim in these circumstances, a plaintiff must show "that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332 (citations omitted).

REPORT AND RECOMMENDATION
PAGE - 7

Plaintiff offers no evidence demonstrating that the course of action chosen by defendant Behner was medically unacceptable or that she chose this course of action in conscious disregard of an excessive risk to plaintiff's health. Accordingly, defendants are entitled to summary judgment with respect to plaintiff's claim that defendant Behner improperly denied him psychotropic medications in June 2005.

### Strike Under § 1915(g)

Defendants have requested in their summary judgment motion that a strike be assessed against plaintiff under 28 U.S.C. § 1915(g) because dismissal of this action for failure to state a claim is warranted and because plaintiff is a frivolous litigant. While true that this Court has determined that plaintiff has failed to state a claim for relief in this action, defendants have not persuaded this Court that this action was clearly frivolous. Under these circumstances, the Court concludes that assessment of a strike under § 1915(g) is not appropriate.

### CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion for summary judgment be granted, and that this action be dismissed with prejudice. This court further recommends that no strike be assessed against plaintiff in this matter. A proposed order accompanies this Report and Recommendation.

DATED this 9th day of March, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge