UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JOHN LITTLE,                       )
                                   )   No. C05-1220RSL
                    Plaintiff,     )
        v.                         )
                                   )   ORDER VACATING ORDER TO
NIKKI BEHNER, *et al.*,            )   SHOW CAUSE AND ORDER
                                   )   RESETTING REPORT AND
                    Defendants.    )   RECOMMENDATION
_____)

      This matter comes before the Court on plaintiff's notice of address change and request for case status (Dkt. #87). On February 6, 2007, the Court issued an order to show cause advising the plaintiff that if he failed to notify the Court and opposing parties of his current address by April 9, 2007, the Court would dismiss the above-captioned matter without prejudice for failure to prosecute under Local Civil Rule 41(b)(2). Plaintiff has notified the Court of his current address, and accordingly, the Court VACATES the "Order to Show Cause" (Dkt. #84).

      Now that plaintiff has advised the Court of his current address, the Clerk of Court of Court is directed to re-issue the Report and Recommendation (Dkt. #58) issued by the Honorable James P. Donohue, United States Magistrate Judge, and mail it to the address provided by plaintiff in his latest change of address notice (Dkt. #87):

ORDER RESETTING REPORT
AND RECOMMENDATION

John Little
BKG. #108277
Snohomish County Corrections
3025 Oakes Avenue
Everett, WA 98201

Objections to the Report and Recommendation should be filed with the Clerk (*not* mailed directly to Judge's chambers) and served on opposing parties within **twenty-one (21) days** of the date of this Order. Failure to file objections within the specified time waives the right to appeal any order by this Court adopting the Report and Recommendation. In accordance with the Local Rules, any objections should be noted for consideration on the motion calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by this Court on **April 16, 2007**.

This action has been pending since July of 2005. Since that time, plaintiff has repeatedly failed to keep the Court and opposing parties advised as to his current address. See Local Rule 41(b)(2); Mail Returned as Undeliverable at Dkt. ##7, 43, 47, 61, 64, 65, 66, 67, 72, 74, 75, 83, and 86. Recently, plaintiff's failure to keep the Court advised of his current address has disrupted the Court's ability to set Judge Donohue's Report and Recommendation (Dkt. #58) for consideration.[1]

Over a year has now passed since the initial issuance of the Report and Recommendation on March 9, 2006 in this case (Dkt. #58). As a result, the Court finds that plaintiff's failure to keep the Court informed of his current address has caused unreasonable delay. See supra note 1;

---

[1] See Dkt. #62 (Order to show cause); Dkt. ##64-67 (Order to show cause mailed to the addresses on file for plaintiff returned as undeliverable); Dkt. #70 (Reissuance of report and recommendation after receipt of plaintiff's change of address notice (Dkt. #69)); Dkt. #72 (Reissuance of report and recommendation returned as undeliverable); Dkt. #73 (Order to show cause); Dkt. #75 (Order to show cause returned as undeliverable); Dkt. #82 (Order resetting report and recommendation after receipt of plaintiff's change of address notice (Dkt. #81)); Dkt. #83 (Order resetting report and recommendation returned as undeliverable); Dkt. #84 (Order to show cause); Dkt. #86 (Order to show cause returned as undeliverable).

ORDER RESETTING REPORT
AND RECOMMENDATION                -2-

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) ("A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. Unreasonable delay creates a presumption of injury to the defense. In this area we give deference to the district court because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.") (internal citations omitted). Further delay in this matter will prejudice the defendants who filed their motion for summary judgment over 18 months ago and which remains pending because the report and recommendation has not been ready for consideration given plaintiff's failure to keep a current address on file with the Court. See Dkt. #13 (Defendants' motion for summary judgment). Additional delay also impacts the court's need to manage its docket and the public's interest in expeditious resolution of this case. The Court has attempted to avoid a dismissal sanction by issuing orders to show cause and twice resetting consideration of the report and recommendation. See supra note 1; Henderson, 779 F.2d at 1424 (establishing factors to be weighed in determining whether to dismiss a case for lack of prosecution).

      Accordingly, plaintiff is HEREBY NOTIFIED, that if the copy of this order mailed by the Clerk of Court to the 3025 Oakes Avenue address is returned as undeliverable, the Court will dismiss without prejudice the above-captioned matter for failure to prosecute under Rule 41(b) and the Court's inherent power.

      DATED this 15th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER RESETTING REPORT
AND RECOMMENDATION                    -3-