UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JOHN LITTLE,                            )
                                        )  No. C05-1220RSL
            Plaintiff,                  )
    v.                                  )  ORDER GRANTING IN PART
                                        )  PLAINTIFF'S MOTION FOR
NIKKI BEHNER, *et al.*,                 )  ENLARGEMENT OF TIME
                                        )
            Defendants.                 )
_____)

This matter comes before the Court on plaintiff's "Motion for Enlargement of Time" (Dkt. #90). In his motion, plaintiff requests an extension of time to file objections to the Report and Recommendation (Dkt. #58) issued by the Honorable James P. Donohue, United States Magistrate Judge, which are due on April 5, 2007. See Dkt. #88 (March 15, 2007 Order Resetting Report and Recommendation) (setting the deadline for objections as 21 days from the Order). Federal Rule of Civil Procedure 6(b) allows a court "in its discretion" and "for good cause shown" to grant an extension of time. See Fed. R. Civ. P. 6(b). Where relief from deadlines is sought "by motion," the court may extend deadlines, including deadlines that existed prior to the filing of the motion. See id.; Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 897 n.5 (1990) ("After the time for filing has expired, however, the court (again 'for cause shown' and 'in its discretion') may extend the time only 'upon motion.'") (emphasis in original). Here,

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME

plaintiff by motion has shown good cause for a limited extension.

On March 26, 2007, in response to plaintiff's request (Dkt. #89), the Clerk of Court sent plaintiff another copy of docket numbers 16, 58, 88 with a copy of the docket sheet. See March 26, 2007 Minute Entry. In his motion, plaintiff requests 21 days from receipt of the requested documents to file objections to the Report and Recommendation. See Dkt. #91 ("Twenty-one (21) days are needed after Mr. Little receives the requested files to properly file objections to the magistrates [sic] report and recommendation."). The Court GRANTS IN PART this request for extension of time. Plaintiff's objections, if any, to the Report and Recommendation are due **APRIL 16, 2007**, which is calculated as 21 days from the date the Clerk of Court sent the additional copies of documents to plaintiff on March 26, 2007. Any objections to the Report and Recommendation should be filed with the Clerk (*not* mailed directly to Judge's chambers) and served on opposing parties. Failure to file objections by **April 16, 2007** shall waive plaintiff's right to appeal any order by the Court adopting the Report and Recommendation. In accordance with the Local Rules, plaintiff shall note any objections for consideration on the Court's motion calendar for the third Friday after they are filed. If no timely objections are filed, the Report and Recommendation (Dkt. #58) will be ready for the Court's consideration on **April 18, 2007**.

Based on the procedural history of this case, however, the Court will not consider any further requests by plaintiff for extensions of time. This action has been pending since July of 2005. Since that time, plaintiff has repeatedly failed to keep the Court and opposing parties advised as to his current address. See Local Rule 41(b)(2); Mail Returned as Undeliverable at Dkt. ##7, 43, 47, 61, 64, 65, 66, 67, 72, 74, 75, 83, and 86. Recently, plaintiff's failure to keep the Court advised of his current address has disrupted the Court's ability to set Judge Donohue's

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME               -2-

Report and Recommendation (Dkt. #58) for consideration.[1]  Further delay in this matter will prejudice the defendants who filed their motion for summary judgment over 18 months ago and which remains pending because the Report and Recommendation has not been ready for consideration given plaintiff's failure to keep a current address on file with the Court.  See Dkt. #13 (Defendants' motion for summary judgment).  Additional delay also impacts the court's need to manage its docket and the public's interest in expeditious resolution of this case.  The Court has attempted to avoid a dismissal sanction by issuing orders to show cause and twice resetting consideration of the Report and Recommendation.  See supra note 1; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (establishing factors to be weighed in determining whether to dismiss a case for lack of prosecution).

The Clerk of Court is directed to mail a copy of this Order to the address provided by plaintiff in his Motion and his latest change of address notice (Dkt. #87):  John Little; BKG. #108277; Snohomish County Corrections; 3025 Oakes Avenue; Everett, WA 98201.

DATED this 3rd day of April, 2007.

Robert S. Lasnik
United States District Judge

---

[1] See Dkt. #62 (Order to show cause); Dkt. ##64-67 (Order to show cause mailed to the addresses on file for plaintiff returned as undeliverable); Dkt. #70 (Reissuance of report and recommendation after receipt of plaintiff's change of address notice (Dkt. #69)); Dkt. #72 (Reissuance of report and recommendation returned as undeliverable); Dkt. #73 (Order to show cause); Dkt. #75 (Order to show cause returned as undeliverable); Dkt. #82 (Order resetting report and recommendation after receipt of plaintiff's change of address notice (Dkt. #81)); Dkt. #83 (Order resetting report and recommendation returned as undeliverable); Dkt. #84 (Order to show cause); Dkt. #86 (Order to show cause returned as undeliverable).

ORDER GRANTING IN PART
PLAINTIFF"S MOTION FOR
ENLARGEMENT OF TIME                         -3-