UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JOHN LITTLE,                        )
                                    )   No. C05-1220RSL
             Plaintiff,             )
     v.                             )   ORDER DENYING PLAINTIFF'S
                                    )   MOTION FOR PRELIMINARY
NIKKI BEHNER, *et al.*,             )   INJUNCTION TO PROVIDE
                                    )   COLLEGIATE DICTIONARY AND
             Defendants.            )   PROVIDE MEDICATION
_____)

This matter comes before the Court on plaintiff's "Motion for Preliminary Injunction to Provide Collegiate Dictionary and Provide Medication" (Dkt. #97). Plaintiff is currently incarcerated at the Snohomish County Jail. In his motion, plaintiff requests a "collegiate" dictionary so that he can "interpret and understand the case law that is subject to his case" and his anti-depressant medication "so that he can function as a normal person." See Motion at 1-2.

Defendants have presented evidence showing that plaintiff has access to three dictionaries: a Webster's II New Riverside Pocket Dictionary for use in his cell where he is allowed to work on his pleadings; and a Webster's II Third Edition Dictionary and Black's Law Dictionary for use in the law library, to which plaintiff has access during three-hour sessions three days per week. See Dkt. #103 (Oster Decl.) at ¶¶2 - 6. Given that plaintiff has access to these materials, plaintiff has not shown that he has suffered actual injury by being deprived a "collegiate dictionary" for use in his cell. See Lewis v. Casey, 518 U.S. 343, 349 (1996);

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985) ("The fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts."); Williams v. Wilkins, 315 F.2d 396, 396-97 (2d Cir. 1963) (affirming denial of *informa pauperis* application seeking an injunction to restrain a warden from denying plaintiff access to a dictionary as without merit because there was no claim that plaintiff was denied periodic access to the prison library).

Defendants have also shown that since April 9, 2007, plaintiff has been prescribed the anti-depressant medication Zoloft. See Dkt. #102 (Behner Decl.) at 9. This anti-depressant is the same medication that plaintiff has been prescribed during prior incarcerations with the Snohomish County Jail. Id. at ¶7. Accordingly, plaintiff's motion for preliminary injunction to provide his medication is moot. See Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) ("A case becomes moot whenever it loses its character as a present, live controversy[.]") (citation omitted).

For all of the foregoing reasons, plaintiff's "Motion for Preliminary Injunction to Provide Collegiate Dictionary and Provide Medication" (Dkt. #97) is DENIED.

DATED this 7th day of May, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION         -2-